UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS

| | |
|---|---|
| PROMOTE INNOVATION LLC ) | |
| ) | Case No. 2:10-cv-119 |
| Plaintiff ) | |
| ) | COMPLAINT FOR FALSE |
| v.  ) | PATENT MARKING |
| ) | |
| EISAI INC. ) | JURY TRIAL DEMANDED |
| ) | |
| Defendant. ) | |

Plaintiff PROMOTE INNOVATION LLC alleges as follows:

## NATURE OF THE CASE

1. This is an action for false patent marking under section 292 of the Patent Act (35 U.S.C. § 292).

## PARTIES

2. Plaintiff PROMOTE INNOVATION LLC is a Texas limited liability company with a principal place of business in Houston, Texas.

3. Defendant EISAI INC. is a Delaware corporation with a principal place of business in New Jersey.

## JURISDICTION AND VENUE

4. The Court has jurisdiction of this action under 28 U.S.C. §§ 1331 and 1338(a).

5. The Court has personal jurisdiction over defendant. Defendant conducts business within the state of Texas. Defendant offers for sale, sells, marks, and/or advertises the products that are the subject of this complaint in the United States, the state of Texas, and the Eastern District of Texas.

6. Venue is proper in this district under 28 U.S.C. §§ 1391(b), 1391(c), and 1395(a).

## FACTS

7. Defendant has marked and/or continues to mark Gliadel products with U.S. Patent No. 4,789,724 after U.S. Patent No. 4,789,724 expired, and after the date after which the term of U.S. Patent No. 4,789,724 was disclaimed.

8. The term of U.S. Patent No. 4,789,724 subsequent to July 12, 2005 was disclaimed.

9. Putting aside the disclaimer of the term of U.S. Patent No. 4,789,724, U.S. Patent No. 4,789,724 expired no later than October 17, 2006.

10. Defendant revised the package insert for Gliadel products on October 2008, after U.S. Patent No. 4,789,724 expired, and after the disclaimer date.

11. Defendant has decades of experience applying for patents, obtaining patents, licensing patents, and/or litigating in patent infringement lawsuits.

12. Defendant knows that a patent that is expired does not cover any product.

13. Defendant knows that a patent whose term has been disclaimed does not cover any product after the disclaimer date.

## CLAIM

14. For the reasons stated in paragraphs 7 to 13 above, defendant has violated section 292 of the Patent Act by falsely marking its products with an intent to deceive the public.

## PRAYER FOR RELIEF

Plaintiff thus requests that the Court, pursuant to 35 U.S.C. § 292 to do the following:

A. Enter judgment against defendant and in favor of plaintiff for the violations alleged in this complaint;

B. Order defendant to pay $500 per false marking offense, or an alternative amount a determined by the Court, one-half of which shall be paid to the United States;

C. Grant plaintiff such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

Plaintiff demands a jury trial on all issues so triable.


Dated: April 4, 2010                                    Respectfully submitted,

                                                         /s/  Zachariah S. Harrington
                                                        Zachariah S. Harrington
                                                        2802 Jarrard Street

Houston, TX 77005
(713) 370-7133
zsharrington@yahoo.com
Texas Bar No. 24057886
Attorney for
PROMOTE INNOVATION LLC